09-1484-ag
Jiang v. Holder
BIA
Abrams, IJ
A200 038 251

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
> GUIDO CALABRESI,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

ZHONG JIANG,
> *Petitioner,*

> v.                                                           09-1484-ag
>                                                              NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Henry Zhang; Zhang & Associates, P.C., New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Leslie McKay, Assistant Director; Sabina M. Lofty, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhong Jiang, a native and citizen of the People's Republic of China, seeks review of a March 24, 2009 order of the BIA affirming the November 28, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied Jiang's application for asylum and withholding of removal. *In re Zhong Jiang* No. A200 038 251 (BIA Mar. 24, 2009), *aff'g* No. A200 038 251 (Immig. Ct. N.Y. City Nov. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-settled. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g.,* *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 (2d Cir. 2008). The agency reasonably relied on: (1)

2

Jiang's testimony that he attended a Falun Gong rally on May 13, 2007, which conflicted with the photographs he submitted, dated April 2007; (2) the lack of detail in his testimony about the injuries he allegedly suffered; (3) his lack of corroborative evidence; and (4) inconsistencies in his testimony regarding his and his father's stomach ailments.

No reasonable fact finder would be compelled to credit Jiang's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, the agency's reliance on Jiang's failure to submit corroborating evidence was reasonable. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Under the REAL ID Act, which applies to Jiang's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (2d Cir. 2008) (emphasis in original). Accordingly, the discrepancies the agency identified provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because Jiang's claims for relief were based on the same factual predicate, the

3

agency's denial of asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4